IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IBN OMAR-MUHAMMED,

    Plaintiff,

vs.                                                    CIV No. 02-1383 JC/DJS

WACKENHUT CORRECTIONS CORP.,
a Florida based corporation d/b/a LEA
COUNTY CORRECTIONAL FACILITY;
et. al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Any Claim for Mental or Emotional Injury Under the Prison Litigation Reform Act, filed June 4, 2003 (*Doc. 15*). Having reviewed the motion, memoranda and all relevant authority, the Court finds the motion not well-taken, and it is, therefore, denied.

**I.**    **Background**

The facts pertinent to the present motion to dismiss are as follows:

At the time of the incidents giving rise to Plaintiff's complaint, Plaintiff was a prisoner at the Lea County Correctional Facility ("LCCF") in Hobbs, New Mexico. LCCF is run by Wackenhut Corrections Corporation, which contracts with the New Mexico Department of Corrections to house inmates. On January 9, 2001, at approximately 1:15 a.m.., Plaintiff was shining shoes in the barber shop when he observed Defendant Shane Powell audibly crying as he walked passed Plaintiff.

Defendant Powell, a correctional staff supervisor, was wearing civilian clothing, indicating to Plaintiff that he was not on duty. Upon witnessing Defendant's agitated state, Plaintiff asked Defendant Powell why he was crying. Defendant Powell allegedly continued passed the barber shop, but returned, grabbed Plaintiff around the neck with the necklace around Plaintiff's neck, slammed him against the wall, and pinned him there crying, "[y]ou don't know what I'm going through." Defendant Dean Seyler, an on-duty captain at LCCF, eventually pulled Defendant Powell off Plaintiff and escorted Defendant Powell out of the barber shop.

After Defendant Powell's alleged attack on Plaintiff, a correctional supervisor escorted Plaintiff to the medical unit to be examined and treated. Plaintiff does not specify any specific treatments administered to him while at the medical unit. Plaintiff does claim severe emotional and mental anguish due to the incident. Specifically, Plaintiff asserts that he began experiencing recurring nightmares and thus sought counseling from the prison psychiatrist.

Plaintiff alleges that subsequent to his decision to sue, on September 9, 2001, correctional staff entered his cell and used drug dogs to meticulously search the area. Upon entering the cell, Plaintiff claims that the staff handcuffed and strip searched him. Although the dogs failed to alert to any drug, the guards removed Plaintiff from his cell and placed him in the "hole," LCCF's segregation unit. Prison officials soon informed Plaintiff that he was under investigation for drug trafficking and for gang affiliation. Due to these charges, Plaintiff went before the disciplinary board. After a hearing, the board sustained all charges. Plaintiff alleges that as a result of the disciplinary board's determination to sustain the charges, the New Mexico Department of Corrections upgraded his inmate classification and moved him to the maximum security unit in Santa Fe, New Mexico, where he remains.

Plaintiff maintains that these incidents are in retaliation for his decision to sue after Defendant

Powell attacked him. Plaintiff's federal claims include violation of his Eighth Amendment right to be free from cruel and unusual punishment, violation of his Fifth and Fourteenth Amendment rights, and other unspecified civil rights claims.

## II.     Discussion

Defendants' motion seeks to dismiss any claims for mental or emotional injury in accordance with the Prison Litigation Reform Act. 42 U.S.C. § 1997e(e). Pursuant to this section,

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

§ 1997e(e). In support of their motion, Defendants cite to various sections of Plaintiff's Complaint to demonstrate that Plaintiff has failed to allege the requisite physical injury. Even assuming Defendants are correct, however, §1997e(e) does not bar Plaintiff's claims. Courts generally have interpreted §1997e(e) "as a limitation on the relief a prisoner can receive for injuries suffered while in custody." *Perkins v. Kan. Dep't. of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999). The Tenth Circuit interprets § 1997e(e) as limiting the available remedies whether the plaintiff is asserting a constitutional claim or a mere tort claim. "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *but see Canell v. Lightner*,143 F.3d 1210, 1213 (9th Cir. 1998) (holding that § 1997e(e) is inapplicable to First Amendment claims regardless of the relief sought due to the nature of the asserted deprivation). Specifically, under Tenth Circuit jurisprudence, a prisoner plaintiff cannot recover compensatory damages for First or Eighth Amendment claims without a corresponding physical injury. *Searles* (barring compensatory damages for a First Amendment claim without an asserted physical injury)*; Perkins ,*165 F.3d at 808 n.6 (10th Cir. 1999) (acknowledging

that compensatory damages are unavailable for Eighth Amendment claims without any asserted physical injury). Nominal and punitive damage claims, though, do not require a showing of physical injury.

Addressing nominal damages, the court noted in *Searles* that such damages are available for certain absolute constitutional rights, *id.* at 878 (citing *Perkings v. Kansas Dep't of Corrections*, 165 F.3d 803, 808 n.6 (10th Cir. 1999)), due to the law's recognition of "the importance to organized society that those rights be scrupulously observed...." *Searles*, 251 F.3d at 878 (quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978)). Based on this reasoning, the court held that "section 1997e(e) does not bar recovery of nominal damages for violations of prisoners' rights." *Searles*, 251 F.3d at 879.

The court next addressed punitive damages and acknowledged that these damages are generally available for constitutional violations. *Id.* at 880 (citing *Basista v. Weir*, 340 F.2d 74, 87-99 (3rd Cir. 1965)). Although the issue before the *Searles* court concerned a First Amendment violation, the court indicates that § 1997e(e) does not prohibit punitive damages regardless of the claim. "We believe that the salient fact is that Congress simply did not choose to provide a restriction on punitive damages." *Searles*, 251 F.3d at 881; *see also Calhoun v. E. Detella*, 319 F.3d 936, 940 (7th Cir. 2003) (§1997e(e) does not bar punitive damages for violations of the Eighth Amendment).

Turning to Defendants' motion to dismiss, Defendants are correct that Plaintiff has failed to claim any physical injury in his Complaint, as his only allegations are that Defendant Powell grabbed him around the neck by his necklace and violently threw him against a wall.[1] Such omission, however,

---

[1] Plaintiff's only allegations revolve around the use of force by Defendant Powell and not any resultant injuries. Contrary to other circuits that review § 1997e(e) claims under an Eighth Amendment analysis, which looks at the force used, the Tenth Circuit looks at the injuries incurred by a prisoner. *See Hudson v. McMillian*, 503 U.S. 1 (holding that *de minimus* uses of physical force do not rise to the level of Eighth Amendment violations); *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999) ("Courts have generally

is not fatal to Plaintiff's asserted constitutional claims. As discussed previously, the only limitation is on the availability of damages.

### III. Conclusion

Defendants' attempt to dismiss Plaintiff's claims for mental and emotional distress misconstrues the widely accepted interpretation of §1997e(e). Plaintiff's failure to allege a physical injury is not fatal to his complaint, for §1997e(e) limits the damages available and not the entire claim.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss Any Claim for Mental or Emotional Injury Under the Prison Litigation Reform Act, filed June 4, 2003 (*Doc. 15*) is DENIED.

Dated September 26, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

construed [§1997e(e)] as a limitation on the relief a prisoner can receive for injuries suffered while in custody"); *but see Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (analyzing § 1997e(e) under *Hudson's* Eighth Amendment approach).